## J. W. BRINKLEY *v.* STATE.

*(Nashville.*  December Term, 1911.)

**INDICTMENTS AND PRESENTMENTS.  For selling liquor with-
out license does not include, as a less offense, the offense for
exercising privilege of retail liquor dealer without payment
of prescribed tax, when.**

Under a presentment for selling intoxicating liquors without the
.license required by law, and in violation of Acts 1899, ch. 161,
sec. 1, under which a single sale is sufficient to constitute the
offense, the defendant cannot, in the absence of evidence of
any specific sale authorizing a conviction of the offense charged,
be convicted of violating Acts 1909, ch. 479, sec. 16 (page 1759),
making it a misdemeanor to exercise the privilege of a retail
liquor dealer without first paying the taxes prescribed for the
exercise thereof, though he has a United States revenue license
to retail liquor, the procuring of which is made by the said
act (page 1743) *prima facie* evidence that he is in the retail
liquor business, because the offense denounced by said act of
1909 is not an offense less·than and included in the offense
denounced by said act of 1899, within the meaning of the
statute (sections 7085 and 7195 of Shannon's Code), permitting,
on an indictment for an offense admitting or consisting of differ-
ent degrees, a conviction of a lower degree of the offense than
that in form charged, or of any offense necessarily included
in that charged.   The fact that the punishment prescribed
for the violation of the offense denounced by said act of 1909 is
less than that prescribed by said act of 1899 is not deter-
minative, and does not make the offenses denounced by said
act of 1909 an offense less than and included in that denounced
by said act of 1899.   A single sale is sufficient to constitute
the offense under said act of 1899, but not that under said
act of 1909, under which a number of sales or acts constituting
a business is necessary to constitute the offense, and certainly

an offense requiring a number of sales to constitute it cannot be less in degree than an offense requiring but a single sale to constitute it.

Code cited and construed: Secs. 7085, 7195 (S.); secs. 5951, 6061 (M. & V.); secs. 5122, 5222 (T. & S. and 1858).

Acts cited and construed: Acts 1832, ch. 22; Acts 1851-52, ch. 36; Acts 1899, ch. 161, secs. 1, 2; Acts 1909, ch. 479, secs. 4, 16, pp. 1726, 1743, 1759.

Cases cited and approved: McCroskey v. State, 2 Cold., 180; Fanning v. State, 12 Lea, 651.

## FROM WARREN.

Appeal from the Circuit Court of Warren County.—
EWIN L. DAVIS, Judge.

JOHN L. WILLIS, for Brinkley.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The grand jury of Warren county, at the May term of the circuit court of the year 1911, by presentment charged:

First, that J. W. Brinkley did on the 10th day of November, 1910, unlawfully sell and tipple spirituous, vinous, malt, alcoholic, and intoxicating liquors as a beverage within four miles of a school, where school was kept, against the peace and dignity of the State, and

Second, that J. W. Brinkley did unlawfully sell and aid in selling spirituous, vinous, malt, alcoholic, and intoxicating liquors without first procuring a license for that purpose, against the peace and dignity of the State.

At the September term, 1911, defendant was put upon trial on his plea of former acquittal, and also on his plea of not guilty. Whereupon the attorney-general elected to prosecute on the second count of the presentment, and after introduction of evidence, and the charge of the court, the jury returned into court their verdict whereby they found defendant guilty under the second count in the presentment. Motion for new trial and in arrest of judgment having been made and overruled, defendant was adjudged liable to pay a fine of fifty dollars and the costs of the cause, from which judgment he has appealed to this court and assigned errors.

The following portion of the charge of the court is made the basis of one of the assignments of error:

"No specific sale having been proven, the attorney-general does not ask for a conviction under the act of 1899, which carries with it a jail sentence; but he insists that it has been proven that the defendant is guilty, under the revenue act of 1909, of exercising the privilege of retail malt liquor dealer without a State and county license, which is a misdemeanor, punishable by fine of from ten dollars to fifty dollars. You are instructed that this lesser offense is included in and covered by the second count of the indictment in this case."

Was this error? The act of 1909 referred to in the above excerpt from the charge was chapter 479, p. 1726,

of the Acts of that year, otherwise called the "Revenue
Act." On page 1743 it provides:

"Liquor dealers are defined as every person, company,
or firm selling spirituous, vinous, or malt liquors, beer
or ale, or intoxicating bitters, or any medicated or adul-
terated cider, or any social club or association, incorpo-
rated or otherwise, which handles such liquors for sale.
The procuring of United States revenue license to whole-
sale or retail liquor dealers shall be taken as *prima facie*
evidence that the parties are in the wholesale or retail
liquor business, and are subject to State and county
taxes, unless established by proof that they are not so
engaged. Upon any clerk's receiving knowledge of such
internal revenue license, he shall have a right to collect
the taxes by distress warrants: Provided, that nothing
in this act shall authorize or legalize the sale of liquors."

On page 1759 it provides:

"Sec. 16. Be it further enacted, that it is hereby de-
clared a misdemeanor for exercising any of the forego-
ing privileges without first paying the taxes prescribed
for the exercise of the same, and all parties so offend-
ing shall be liable to a fine of not less than ten dollars
nor more than fifty dollars for each day such privilege
is exercised without license; but this inhibition shall not
apply to any person, firm or corporation engaged in in-
terstate commerce."

The second count in the presentment, on which the
attorney-general elected to try, was predicated on chap-
ter 161 of the Acts of 1899, whereby under section 1 it
is made a misdemeanor, punishable by fine of not less

Brinkley v. State.

than fifty dollars nor more than $200, and by imprison-
ment in the county jail or workhouse for six months, for
each offense, to sell or aid in selling in any way whatever
intoxicating liquors without a license required by law,
and whereby, under the second section, the same pun-
ishment is provided for any person convicted of allow-
ing, after due notice, the illegal sale of intoxicating
liquors on their premises or lands, by one who has not
the license required by law to make such "sales."

It is clear that the second count of the presentment
was not based on the second section of the act of 1899.
It is equally clear that it was based on the first section
of that act.   Now, under the first section of that act,
a single isolated sale or act in aid thereof would be a
violation of that section; but would such single isolated
sale or act in aid thereof be a carrying on of the business
of selling within the meaning of the revenue act of 1909?
The charge in substance told the jury that a violation
of the act of 1909 was the lesser offense, and that as a
lesser offense it was included in and covered by the
greater offense created by the first section of the act of
1899.   Or to put it in a different way, the charge in sub-
stance told the jury that the business was a lesser offense
than one sale, or one act in aid thereof made in violation
of the first section of the act of 1899.

Upon what reason can it be said that the business of
selling intoxicating liquors is an offense of less degree
than one sale or one act in aid thereof?   We can see
none.   On the contrary, if one sale, or one act in aid

125 Tenn.—29

thereof, be an offense against the law, then surely a business made up of repeated sales is not a less offense, or an offense lower in degree.

The punishment for the violation of the first section of the act of 1899 is greater than that prescribed for the violation of the act of 1909; but this fact is not determinative of the question raised by the charge. That question must be determined by our statutes. Section 7085 of Shannon's Code is: "On an indictment for a public offense admitting of different degrees, the defendant may be convicted of such offense, or any degree lower than that charged in form in such indictment." Acts 1832, ch. 22; Acts 1851-52, ch. 36. Section 7195 of Shannon's Code is: "Upon an indictment for any offense consisting of different degrees the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, and the defendant may also be found guilty of any offense, the commission of which is necessarily included in that with which he is charged, whether it be a felony or a misdemeanor." So under section 7085, above quoted, the question arising on the charge is whether the offense charged in the indictment, on which the defendant was being tried, was one which admitted of different degrees; that is to say, whether the character of the offense was such an act as could be divided into degrees of guilt lower in grade than the principal offense charged in the indictment.

Certainly a number of sales, or such acts and conduct as would constitute a business of the selling, of intoxi-

cating liquors without license, would not be lower degrees of the offense charged in the indictment; and so, under the above-quoted section 7195, upon the same reasoning, it cannot be said that the acts and conduct, which would constitute a carrying on of the business of selling intoxicating liquors in violation of the act of 1909, would either amount to an attempt to commit the offense charged in the indictment, or to an offense the commission of which is necessarily included in that charged in the indictment, within the meaning of section 7195. *McCroskey* v. *State,* 2 Cold., 180; *Fanning* v. *State,* 12 Lea, 651.

There was no proof of any specific sale, and the court so told the jury in the above excerpt from the charge. The defendant was convicted of having made a specific sale in violation of the act of 1899, when in fact there was no proof that he had made such sale. The conviction rests wholly upon the charge of the court that proof of the possession by the defendant of the United States revenue license for the sale of malt liquors is *prima facie* evidence of the violation by the defendant of the act of 1909, and that a violation of the act of 1909 is a lesser degree of offense, and is included in the charge in the indictment on which the defendant was tried.

We think the charge was clearly erroneous for the reasons above indicated, and the judgment of the circuit court is reversed, and the cause remanded.